UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

DAWN Y.,

       **Plaintiff,**

v.

NANCY A. BERRYHILL,
**Deputy Commissioner for Operations performing the duties and functions not reserved to the Commissioner of Social Security,**

       **Defendant.**

Case No. 18-2041

## REPORT AND RECOMMENDATION

Plaintiff Dawn Y. seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her application for disability insurance benefits. The parties filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment (**#17**) be DENIED, Defendant's Motion for Summary Judgment (**#19**) be GRANTED, and the decision to deny benefits be affirmed.

**I.    Background**

On May 13, 2014, Plaintiff applied for disability insurance benefits, alleging disability beginning January 1, 2014. The Social Security Administration denied Plaintiff's claims initially and on reconsideration. Plaintiff, represented by counsel, appeared and testified at a hearing before the Administrative Law Judge (ALJ). During the hearing, the ALJ heard testimony from Plaintiff and an impartial vocational expert.

On May 1, 2017, the ALJ entered an unfavorable decision. (R. 13-29.) The ALJ found that Plaintiff has the severe impairments of degenerative disc disease, fibromyalgia, other and unspecified arthropathies, ischemic heart disease, chronic obstructive pulmonary disease (COPD) and depression. (R. 15.) The ALJ determined that

Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (R. 15.) Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to:

> Perform light work as defined in 20 CFR 404.1567(b) except the claimant can use her upper extremities to handle and finger on a frequent basis bilaterally. The claimant can never climb ladders, ropes or scaffolds and can only occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch and crawl. The claimant can never work at unprotected heights, never work around moving mechanical parts and can never operate a commercial motor vehicle. The claimant can tolerate moderate noise. The claimant is able to understand, carry out, remember and perform simple, routine and repetitive tasks but not at a production rate pace, but the claimant would attain all end of day goals. The claimant is limited to work that requires only simple, work-related decisions and she can adapt only to routine workplace changes. The claimant can frequently interact with supervisors, coworkers, and the general public.

(R. 18.) The ALJ found that Plaintiff is unable to perform her past relevant work as a bar owner, line worker and restaurant manager. (R. 27.) The Appeals Council denied Plaintiff's request for review, making the ALJ's ruling the Commissioner's final decision.

## II. Standard of Review

The court reviews a decision denying benefits to determine only whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's decision. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walker v. Berryhill*, 900 F.3d 479, 482 (7th Cir. 2018) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). When reviewing the administrative record, the Court does not "reweigh the evidence or substitute [its] judgment for that of the ALJ." *Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018).

Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). Importantly, "the ALJ must 'build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of

every piece of testimony and evidence.'" *Id.* (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005).

## III. Analysis

Plaintiff's Motion argues that the ALJ erred in evaluating the opinion evidence, and as a result that the ALJ's Decision was not supported by substantial evidence. Plaintiff specifically criticizes the ALJ's analysis of Plaintiff's treating psychiatrist Dr. Chang and Licensed Clinical Social Worker Kenna Johnson.

### a. Dr. Chang

Dr. Chang opined that Plaintiff had "severe depression and anxiety that can affect her focus." (R. 1570.) He found that Plaintiff had mild limitations in her ability to understand and remember simple instructions and to carry out simple instructions. *Id.* He found Plaintiff had moderate limitations in her ability to make judgments on simple work-related decisions and to understand and remember complex instructions. *Id.* Finally, Dr. Chang found that Plaintiff had marked limitations in her ability to make judgments on complex work-related decisions, to interact appropriately with the public, supervisors, and co-workers, and to respond appropriately to usual work situations and to changes in a routine work setting. (R. 1570-71.)

The ALJ gave Dr. Chang's opinion partial weight, finding that the evidence supported his opinions as to Plaintiff's mild and moderate limitations, but that his opinion that Plaintiff had marked limitations in her ability to interact with others was inconsistent with the evidence. (R. 25.) Plaintiff argues that this conclusion was in error. In her argument, Plaintiff merely recites the number of visits Plaintiff had with Dr. Chang. Plaintiff does not cite to any medical records from these visits or anything else in the record to support her argument.

To the extent that Plaintiff did not waive this argument[1], the Court finds that the ALJ's decision as to Dr. Chang was supported with substantial evidence.

---

[1] *See Colburn v. Trustees of Indiana University*, 973 F.2d 581, 593 (7th Cir. 1992) (finding that a "perfunctory argument" does not preserve a claim and that it is not the court's role to "scour the record in search of factual or legal support" for the claim.)

3

The ALJ must give controlling weight to a treating source's opinion if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Punzio v. Astrue*, 630 F. 3d 704, 710 (7th Cir. 2011) (citing § 404.1527(c)). The Regulations give several factors the ALJ considers in evaluating a treating physician's opinion: the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion. 20 C.F.R. §§ 404.1527(c). "An ALJ who does not give controlling weight to the opinion of the claimant's treating physician must offer 'good reasons' for declining to do so." *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010). An ALJ may choose not to give a treating physician's opinion controlling weight if it is inconsistent with the consulting physician's opinion or if it is internally inconsistent. *Skarbek v. Barnhart*, 390 F. 3d 500, 503 (7th Cir. 2004).

The ALJ considered Dr. Chang's opinion that Plaintiff had marked limitations in her ability to interact with others against the other evidence and found the opinion inconsistent with the record as a whole, and with Dr. Chang's own treatment records. (R. 25.) Specifically, the ALJ noted that Plaintiff reported that she continued to run her bar and grill after the alleged onset date. (R. 25.) The ALJ cites a treatment note from Licensed Clinical Social Worker ("LCSW") Kenna Johnson where Plaintiff reported that "she recently fired two of her employees, which has caused more stress in her life because she is now working more to cover their positions." (R. 1197.) The record contains other references to Plaintiff's work in the bar, and each of these references mention the stress and difficulties she experienced running the bar, and that she was trying to sell the bar because of these challenges. (R. 1193, 1219.) The ALJ's conclusion that because Plaintiff continued to operate the bar, she could not have had marked limitations in social interactions, was unsupported. Each reference made to the bar was accompanied by remarks of the stress and anxiety the work brought. This basis alone, therefore, would not support rejecting a treater's opinion.

4

The record contains other evidence that would support limiting the weight given to Dr. Chang. Thus, this error, to the extent it was an error, was harmless. *See Schomas v. Colvin*, 732 F. 3d 702, 708 (7th Cir 2013) (the Seventh Circuit "will not remand a case to the ALJ for further explanation if we can predict with great confidence that the result on remand would be the same.") In other records, Plaintiff showed that she could interact with others, even if she had some difficulty. For example, Plaintiff reported that she attended work related events and that, while she felt uncomfortable around her co-worker's female spouses, she did better with "guy" talk. Plaintiff also reported support from her mother and stepfather, spending fun time with her family of origin, and using social media (R. 1193, 1240, 1410, 1412.) Dr. Chang's finding that Plaintiff had marked limitations in her ability to interact with others was inconsistent with these notes in the Record relating to Plaintiff's interactions with her mom, stepfather and co-workers. Accordingly, the Court finds that the ALJ's analysis of Dr. Chang's opinion was supported with substantial evidence.

    **b. Kenna Johnson**

Kenna Johnson is a Licensed Clinical Social Worker (LCSW) who saw Plaintiff on numerous occasions during the relevant period. Ms. Johnson opined that Plaintiff's impairments met listing severity and that her mental functioning left her unable to complete a normal workday and workweek, perform at a consistent pace without unreasonable rest periods, or deal with normal work stress. (R. 1060.)

The ALJ gave Ms. Johnson's opinion no weight, noting first that as a LCSW, she is not an acceptable medical source. (R. 25.) The Regulations provide that "[t]here must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence… would lead to a conclusion that you are disabled." 20 C.F.R. 404.1529(a). Under the Regulations, a LCSW is not an acceptable medical source. 20 CFR § 404.1529. The ALJ was not obligated to give the opinion any weight.

Additionally, the ALJ's finding that Ms. Johnson's opinion was inconsistent with the medical evidence was supported by the Record. Ms. Johnson found that Plaintiff was unable to leave her home, yet as noted above, Plaintiff reported running her bar, spending time with family, and camping on weekends. (R. 1062, 1230.) The ALJ also noted that Ms. Johnson's opinions were inconsistent with the State agency psychological consultant, an acceptable medical source who opined that Plaintiff had severe mental impairments, but that she was able to relate and communicate with others and was capable of performing one to two step unskilled work tasks. (R. 109.) For these reasons, the ALJ's conclusion as to Ms. Johnson's opinion was supported with substantial evidence.

## IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#17)** be **DENIED**, Defendant's Motion for Summary Judgment **(#19)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 12th day of May, 2019.

s/ ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE