UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWN Y., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-2041-JES-EIL |
| | ) |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations performing the duties and functions not reserved to the Commissioner of Social Security, | ) ) ) ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is now before the Court on a Report and Recommendation (Doc. 21) from Magistrate Judge Eric Long. More than 14 days have elapsed since the filing of the Report and Recommendation, and no objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). As the parties have failed to raise timely objections, any such objections have been waived. *Id*.

The relevant procedural history has been sufficiently outlined in the comprehensive Report and Recommendation of the Magistrate Judge. Doc. 21. Plaintiff claimed that the ALJ erred in evaluating the opinion evidence of Plainitiff's treating psychiatrist Dr. Chang and Licensed Clinical Social Worker Kenna Johnson, and as a result, the ALJ's decision was not supported by substantial evidence. Doc. 21, at 3. As explained in the Report and Recommendation,

> Dr. Chang opined that Plaintiff had "severe depression and anxiety that can affect her focus." (R. 1570.) He found that Plaintiff had mild limitations in her ability to understand and remember simple instructions and to carry out simple

1

> instructions. Id. He found Plaintiff had moderate limitations in her ability to make judgments on simple work-related decisions and to understand and remember complex instructions. Id. Finally, Dr. Chang found that Plaintiff had marked limitations in her ability to make judgments on complex work-related decisions, to interact appropriately with the public, supervisors, and co-workers, and to respond appropriately to usual work situations and to changes in a routine work setting. (R. 1570-71.) The ALJ gave Dr. Chang's opinion partial weight, finding that the evidence supported his opinions as to Plaintiff's mild and moderate limitations, but that his opinion that Plaintiff had marked limitations in her ability to interact with others was inconsistent with the evidence. (R. 25.)

Doc. 21, at 3. Plaintiff argued that the ALJ's conclusion was in error, but her argument merely recited the number of visits Plaintiff had with Dr. Chang. She did not cite to any medical records from these visits or anything else in the record to support her argument. *Id*.

The Magistrate Judge found that the record showed Plaintiff could interact with others, as evidenced by her attending work related activities, received support from her family, and used social media. Therefore, "Dr. Chang's finding that Plaintiff had marked limitations in her ability to interact with others was inconsistent with these notes in the Record relating to Plaintiff's interactions with her mom, stepfather and co-workers." *Id*. at 5. The Court concurs with the Magistrate Judge's conclusion that the ALJ's analysis of Dr. Chang's opinion was supported with substantial evidence.

Plaintiff also claimed that the ALJ erred in evaluating the opinion evidence of Licensed Clinical Social Worker Kenna Johnson, who opined that Plaintiff's impairments met listing severity and that her mental functioning left her unable to complete a normal workday and workweek, perform at a consistent pace without unreasonable rest periods, or deal with normal work stress. *Id*. at 5. The Court agrees with the Magistrate Judge's conclusion that the ALJ was not obligated to give Licensed Clinical Social Worker Kenna Johnson's opinion any weight because she was not an acceptable medical source under 20 CFR § 404.1529, and that Johnson's opinion was inconsistent with the medical evidenced supported by the record. The Court concurs

with the Magistrate Judge's detailed discussion and recommendation, and now adopts the Report and Recommendation in its entirety.

## CONCLUSION

For the reasons set forth above, the Court adopts the Report and Recommendation (Doc. 21) of the Magistrate Judge in its entirety. Plaintiff's Motion (Doc. 17) for Summary Judgment is DENIED, and Defendant's Motion (Doc. 19) for Summary Judgment is GRANTED.

The Clerk is directed to close the case.

Signed on this 11th day of July, 2019.

<u>s/ James E. Shadid</u>
James E. Shadid
United States District Judge